Linker v. Linker.

## Peter Linker

*v.*

## Elizabeth Linker.

Where there is conflicting evidence as to a husband's object in making a conveyance of lands to his wife, the ordinary presumption that it is intended as a provision or settlement for her benefit, is not rebutted.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. C. E. Hendrickson*, for complainant.

*Mr. H. A. Drake*, for defendant.

The Chancellor.

The parties are husband and wife. In the fall of 1866, John Dick and his wife conveyed to the defendant, for the consideration of $575, three lots of land in the town of Progress, in Burlington county. The complainant, by his bill, states that he paid all the consideration with his own money, and that the conveyance was made to the defendant merely at his request, and that the conveyance was made to her because she urged and insisted upon it, giving as a reason, that as he was much older than she, it was proper that she should thus be secured a home in case of his death, which might take place unexpectedly, and declaring that it would otherwise make no difference, and that in case she should survive him, she would see to it that his two children by a former wife should have an equal share in the property with any children she might have by him.

The bill further states that he paid the whole of the purchase-money of the property, on the delivery of the deed; that part of it, $250 and some interest thereon, was received by him from one James McGugan, who owed it to him on a judgment bond; part was his own money in hand, and the rest, $200, was borrowed from Rebecca Lippincott, on mort-

gage of the property.   This mortgage, he says, was paid by the defendant, with her own money, in 1868.

The bill alleges that, in 1869, he built a barn on the property, which cost him $90, and in 1872, he built an addition to the house, which cost him $450.   The bill charges the defendant with having surreptitiously and fraudulently taken from the complainant $700 of his money in 1877, and absconded therewith, eloping with a married man, and alleges that she disposed of that money wrongfully to her own use.   It prays that she may be decreed to pay the complainant all the money he has paid for or on account of the property, and also the $700 with interest, and that the property may be sold to pay those moneys, or that she may be decreed to hold the property in trust for him, and that the deed to her may be set aside, so far as his interest may require.

The defendant, by her answer, denies all trust, and claims that the property was purchased by her for herself, and entirely paid for with her own money.   She, in the answer, says that, of the purchase-money, she paid to Dick, the person of whom the property was bought, $275 in cash, and that she borrowed the rest, $275 (and not $200, as stated in the bill), on the joint bond of herself and husband, secured by mortgage on the property, given to Rebecca Lippincott, with the assignment of a judgment bond in the defendant's favor for $300, as collateral security, and that she paid off that mortgage with her own money, and, in like manner, paid for all the improvements on the property.   She alleges that the judgment bond in favor of her husband, mentioned in the bill, was given for $250 of $550 lent by her to McGugan, of which part, $250, was secured by the judgment bond, which was taken (by her consent) in the name of her husband, and the rest by the judgment bond to her. She further says that, at or about the time when she paid off the mortgage given to Rebecca Lippincott, the complainant, the more effectually to show that he acknowledged

her title to the property, made his will in her favor for all of his property, and appointed her sole executrix thereof.

The trust set up in the bill is not only not evidenced by any writing, but it is not proved by oral testimony. The complainant, in his testimony, gives, as the reason for the conveyance of the property to his wife, that she, at the time of the conveyance, " made a fuss," and insisted on having the deed made to her, and that he yielded, and "had the deed made in her name for the sake of peace—to have peace in the family." He says, indeed, that he did not, in so doing, intend to make a settlement on her, and did not expect that the property would really be hers because she held a deed for it, but that it would still be his. His witness, McGugan, says that either the complainant or Mr. Dick (he thinks it was the latter), said that, to make peace with the defendant, and keep her quiet, the deed was to be " put in her name." She denies that the reason why the property was conveyed to her was a desire for peace, but alleges that it was conveyed to her because she bought it. Though witnesses are produced who swear that her reputation for truth is bad, no effort is made to disprove her statements as to the particular way in which she says the payments for the property were made.

That the will was made, is shown by the production of the instrument itself; and, indeed, the fact is not denied. That she had money, is shown by the judgment bond for $300, given to her by McGugan, for money lent by her to him. The $700 mentioned in the bill, and which she is charged with abstracting from her husband and wrongfully applying to her own use, was deposited in bank in the names of both. It was taken from the bank by him at her request (she had previously got it from the bank, apparently in an unauthorized way, and was compelled to return it), to be put in another bank, a savings bank, where it would draw interest. He falsely stated to her that he had deposited it according to her request and his promise. He

says he took it to his house. That she took it is not proved, and she flatly denies it.

I am unable, from the testimony, to determine whether the money, other than that borrowed from Lippincott, which was paid for the property, was the property of the complainant or the property of the defendant. But, if it was the property of the former, the latter in fact paid the other part of the purchase-money, as is admitted by the bill, and the making of the will is some corroboration of the defendant's statement as to the reason why the conveyance was made to her.

Where a purchase of land is made by a husband in the name of his wife, it is presumed, in the first instance, to be a provision and settlement, though the presumption may be rebutted. *Persons* v. *Persons, 10 C. E. Gr. 250,* and cases there cited; *Perry on Trusts* § *147.* There is here nothing to rebut the presumption. The complainant himself says that he gave the title to his wife to satisfy her. The will indicates a disposition to favor her and to give to her all he had.

The bill, it may be remarked, is not filed to enforce the trust set up in it, but to compel the defendant to pay the complainant the money which he says he put into the property, and to that end it prays a decree that she holds the property in trust for him.

The case presented by the complainant is not such as to entitle him to relief. The bill will be dismissed, with costs.